## STATE SUPREME COURT—Continued

No. 120
Supreme Court No. 18801
CONINE v. STATE

Motion for leave to file petition in error to Putman Appeals.

Dock. 10-22-24; 2 Abs. 658.

**1235. VERDICTS—Does failure of trial court to instruct jury as per requests of defendant, warrant the reversal of the verdict?**

Dewey Conine and Vernon Dangler were indicted by the grand jury of Putman County for unlawfully carrying away 16 bushels of clover seed, belonging to Pope and Boegli. Conine filed a plea in abatement claiming that the indictment should not be prosecuted, because one of the grand jurors was the wife of Pope, and therefore the indictment was null and void. State filed a demurrer to the plea which was sustained, and at the trial Conine was convicted and Dangler acquitted. Court of Appeals affirmed the verdict, but subsequently suspended sentence.

The plaintiff in error contends that as his chief exception; the trial court did not instruct the jury as was by him requested, both before and after argument by counsel. Conine cites a case in which a man convicted of manslaughter had the verdict reversed because of the fact that the jury was not charged as to all of the instructions requested of the court.

Attorneys—Benj. F. James, Bowling Green; Albert H. Straman, Ottawa, for Conine; J. S. Ogan, Sr., Ottawa, for State.

No. 121
Supreme Court No. 18834
KLEIN, Trustee ET v. HAWKINS, COM. ET.

Motion to direct Summit Appeals to certify record. Doc. 11-25-24. 2 Abs. 738.

**923. PLEADING—Does failure of township trustees, to allege there are taxpayers in the township, fail to constitute a "good" cause of action?**

**297. CONTRACTS—Legal effect of contract between Trustees and Commissioners?**

Epitomized Opinion
Published only in Ohio Law Abstract

The original action was begun in the Summit Common Pleas in which the trustees of Portage townships sought to enjoin the collection, by the commissioners, of taxes from taxpayers in the township, for the purpose of helping to defray expenses of improving the Akron-Cleveland road which was alleged to pass through Portage township. It was alleged in the trustee's amended petition that an agreement had been entered into by the township's trustees and the county commissioners whereby the township agreed to pay 15 percent of the actual cost of the improvement within Portage township, and agreed to levy a tax on all taxable property, aside from authorized taxes; and such tax was not to exceed 2 mills in any one year.

The percentage of the township's share amounted to $7,000, and judgment in the Common Pleas was directed against the trustees. In prosecuting error to the Appeals the judgment of the Common Pleas was affirmed, it being held.

That the suit by trustees did not state a cause of action when such trustees were not designated as taxpayers in the said township. In other words, failure of trustees to allege they were taxpayers suing in behalf of other taxpayers of Portage township did not set up

a cause. In bringing the cause to the Supreme Court for consideration, the trustees contend:

1. Said Akron-Cleveland road did not pass through any part of Portage township, because the territory through which it passes had previously been part of said township; but since the building of said road had been annexed by the cities of Akron and Cuyahoga Falls so that no legal tax could be levied upon taxpayers of said township.

2. The Court of Appeals erred in holding that the trustees by alleging their official positions and trust did not allege facts which make them interested in the tax rate. The township being a corporation, by inference, the governing board had proper authority to bring an action for it.

3. Authority not conferred on township trustees to make a contract fixing amount to be spent by township for improvements. 1193-1 GC.

Attorneys—Myers & Dinsmore, and H. A. Whittemore, for Trustees; A. W. Doyle, W. A. Spencer for Commissioners, all of Akron; N. G. White, for Commissioners, Cuyahoga Falls.

No. 122
Supreme Court No. 18893
NORTHERN ELEC. CO. v. ELECTRIC PROD. CO.

Motion to direct Cuyahoga Appeals to certify record.

Dock. Jan. 5, 1925. 3 Abs. 18.

**345. CUSTOM AND USAGE—Will failure to plead render proof inadmissible?**

Epitomized Opinion
Published only in Ohio Law Abstract

This action was an account, only one item of which was disputed. The item in question was evidenced by paper marked "credit memorandum", which stated that the Northern Elec. Co's. account was credited with a certain sum for goods returned by the Electric Co., the jobber, to the Elec. Prod. Co., the manufacturer. At the trial the manufacturer proved a custom by which credit memoranda were not payable in money, but only in goods to be ordered by person receiving the credit memorandum. This custom was not pleaded and the contention of the jobber is that proof of the custom was therefore inadmissable.

Attorneys—Stearns, Chamberlain & Royon, for Elect. Co.; Mooney, Hahn, Loeser & Keoegh for Northern Co., all of Cleveland.

No. 123
Supreme Court No. 18872
STATE ex. v. MAIN

Docketed 12-19-24. 3 Abs. 3.

Prayer for alternative of mandamus.

**747—MANDAMUS—Can writ be issued, ordering auditor to compute 1925 taxes on basis of revised and equalized valuations of 1924?**

Epitomized Opinion
Published only in Ohio Law Abstract

The State on relation of the tax commission bring the action in the Supreme Court to have mandamus issued against Wilbur J. Main, Auditor of Delaware County.

On Jan. 3, 1924, Main as auditor reported to the Tax Commission his finding as to the valuation of real estate in Delaware County, stating that the value in money is not the same as on the tax duplicate. · Tax Commission ordered a re-appraisal which was made and the valuations made by the auditor were considered in equalizing them in the manner required by law.